Curia, per

O’Neall, J.
The grounds of appeal are so numerous and various, that I shall not attempt to consider them seriatim. I will endeavor to so class and arrange them, as to consider them all under their appropriate heads. There are, as I understand, two distinct objections urged in arrest of judgment. The first is, that the offence charged in the indictment is not punishable at common law.
Free negroes, as the law of South Carolina has been repeatedly ruled, have all the rights of property and protection, which white persons possess, with the exception that they cannot, with force, repel force, exhibited by a white man, and a less provocation might excuse a white man, in *159 an assault and battery upon a free negro, than would in the case of a white person. There is no doubt that false imprisonment is an old common law offence. It was, I suppose, to this the defendant’s objection applies, for certainly, he never could have doubted, that an assault and battery of a free negro, was an indictable offence. If ever any such doubt existed, it ought to have been removed by the case of the State vs. Harden, decided by the Court of Appeals, in 1832, (and which, I hope, will be appended in a note to the report of this case.) That case, in deciding that a violation of the person of a free negro was an indictable offence, virtually decided that a violation of his liberty was also; for both depend upon the principle that he, as a natural person, is entitled to a legal protection in life, liberty and property.
That the Act of 1837 does not effect those old common law offences, is very plain from its words. It provides, (6 Stat. at Large, 674,) “whoever shall be convicted of the forcible or fraudulent abduction, or assisting in the forcible and fraudulent abduction, of any free person living within this State, with intent to deprive him or her of his or her liberty, shall be fined not less than $1000, and imprisoned not less than twelve months.” This created a new of-fence, the abduction of a free negro- with an intent to deprive him or her of liberty. It is essentially different from an assault and battery, or a false imprisonment. It is true, the ingredients of these offences may exist in the offence of abduction, but it requires something more than is necessary to make them out.
The second ground in arrest of judgment is, that it was necessary to allege in the indictment, that the defendant knew that the negroes were free. But the answer to that is plain, the act of assault and battery, or imprisonment of a free negro, is unlawful; and when an act done, is, in itself, unlawful, a scienter is unnecessary. There is, indeed, no distinction between an indictment for an assault and battery on, or a false imprisonment of, a free negro and a white man, unless it is to allege that the person, the subject of the outrage, is a free negro. That was done in this case, and, therefore, the indictment is above exception.
*160 1st. The first ground for new trial is, that the record in the case of DeGraffenreid, guardian, vs. Hill, was inadmissible evidence. It was admitted as prima facie evidence of freedom, to rebut the presumption of slavery, arising from color. It is provided in the Act of 1740, 7 Stat. 397, that a negro, claiming freedom, may have the question tried in a writ of Ravishment of Ward, to be brought by his or her guardian, and “if judgment shall be given for the plaintiff, a special entry shall be made, declaring that the ward of the plaintiff is free.”
What would be the value of such an entry, if it was only to operate against the plaintiff, and his privies 1 The recovery without such an entry would have had that effect. This legal provision, it seems to me, places the record upon the footing that it is to stand, as the negro’s title to freedom, and is to be referred to in all time to come, to shew it, That the record was admissible, independent of that provision, may be seen by referring to 1st Stark, on Evidence, 243, sect. 84. It is there stated that recoveries in cases of custom, pedigree and general reputation, are evidence against all persons. The freedom of a negro depends often upon pedigree or reputation, and sometimes on both combined; so that under this rule, the evidence w7as clearly admissible.
2d. 'i he next ground for new trial, worth considering, is made up of various objections to the effect of the deed of emancipation. The first, that David R. Coleman was not appointed a justice of the quorum, for Fairfield district, needs no other answer, than a reference to McBee vs. Hoke, decided this term. He was defacto, if not dejure, a justice of quorum, and that is enough ; the proof shewed that the deed of emancipation was once in the clerk’s office, and that it was not there now, and a strong belief was created that the defendant surreptitiously possessed himself of it. Under such circumstances, proof of its contents was admissible. The defendant, himself, however, swore Mr. Coleman, and proved by him that the deed was, in all respects, executed in conformity to the Act of 1800. No record of it could, however, be found in the clerk’s office. The case of Monk vs. Jenkins, 2 Hill’s Ch. Rep. 9, considered and disposed of all the objections arising out of a similar state of things. *161 In that case, it was held that the deposit of the deed in the clerk’s office, was a sufficient record, and that the legal presumption was, that it was there in due time. If it was necessary, that opinion might be vindicated by many reasons, but, I think, it may be safely left to its own defence.
3. This case, however, need not be placed upon the execution of the deed, or any thing appertaining to it. For I thought that a lapse of time, beyond twenty years, stood in place of a deed, and all its legal accompanyments. The correctness of this view is questioned by the various grounds which I consider as making the third ground of appeal for new trial. On that point it is only necessary to refer to Miller, administrator of Burnett, vs. Reigne, 2 Hill, 592, in which it was held, that twenty years enjoyment of liberty, presumed the execution of a deed of emancipation, with all the solemnities required by the Act of 1800. Here, there was a lapse of thirty-three years from the time liberty began. It was exactly the case in which the legal presumption stood in the place of the deed, the certificate of the magistrate and freeholders, the record and the office copy, for certain proof about all these matters was not to be had. Hence, lapse of time was evidence of, or a muniment of, title, which the jury was as much bound to give effect to, as to the deed itself, accompanied by every thing which the Act of 1800 requires to make it good and legal.
The only other ground to be noticed is the defendant’s eighth ground, which constitutes, here, the fourth objection to the verdict. After I had fully instructed the jury upon the whole case, including the law and facts, Mr. Thompson asked that I would instruct them as his ground indicates. I thought that, in substance, the instruction had been given, denying the doctrine of that ground. For it, in substance, supposes that ignorance of the law will excuse a man in the commission of a crime. That is so much a violation of-first principles, that I cannot bring my mind to discuss it.
The motion in arrest of judgment and for new trial is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.